UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MAURICE MOORE, | ) | CASE NO. 1:17 CV 1334 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| DAWN BARTRAM, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Plaintiff *pro se* Maurice Moore, an inmate at the Richland Correctional Institution

("RiCI"), brings the above-captioned case under 42 U.S.C. § 1983 against the following

Defendants:  RiCI Head Mail Room Screener Dawn Bertram; RiCI Mail Room Screener R.

Naveja; RiCI Mail Room Screener D. Lukowski; RiCI Mail Room Supervisor Richard Juhlke;

and, RiCI Institutional Inspector Kelly Rose.  While the allegations in the Complaint are unclear,

Plaintiff appears to allege as follows: legal mail concerning a probate court matter was not

timely delivered to him, causing him to miss an appeal deadline and lose an inheritance; he

successfully grieved the legal mail issue through the prison grievance system, but received no

compensation; a subsequent grievance he filed after other legal mail was not timely delivered to

him was denied, allegedly in retaliation for filing the previous, successful grievance.

A district court is expressly required to dismiss any civil action filed by a prisoner

seeking relief from a governmental officer or entity, as soon as possible after docketing, if the

court concludes that the complaint fails to state a claim upon which relief may be granted, or if

the plaintiff seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

§1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at \*2 (6th Cir. Feb. 1, 2000)

A prisoner's constitutional right of access to the courts is not unlimited in scope. *Knop v. Johnson*, 977 F.2d 996 (6th Cir. 1992). The right extends "to direct [criminal] appeals, habeas corpus applications, and civil rights claims only." *Thaddeus–X v. Blatter*, 175 F.3d 378, 391 (6th Cir.1999) (en banc) (quoting *Lewis v. Casey*, 518 U.S. 343, 355 (1996)). The right does not apply to probate court matters. *Lewis v. Randle*, 66 Fed.Appx 560 (6th Cir May 23, 2003). Further, even had Plaintiff set forth an otherwise actionable access to the courts claim, actual injury is a constitutional prerequisite to such a claim. *Lewis v. Casey, supra.* Plaintiff does not provide any allegations indicating the factual and legal bases for his frustrated probate court claim.

Moreover, Plaintiff's assertion that he suffered retaliation for filing a successful grievance is vague and conclusory, and thus without merit. *See Lillard v. Shelby Cnty. Bd. of Educ* ., 76 F.3d 716, 726 (6th Cir.1996)(in the context of First Amendment retaliation, "conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under section 1983." (quotation omitted)).

Accordingly, this action is dismissed under section 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 11/2/17

-2-